## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**KENNETH DeSHAWN SPLUNGE**                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:15-CV-P783-GNS**

**LOUISVILLE DEPT. OF CORR. et al.**                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Kenneth DeShawn Splunge, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss some of the claims and give Plaintiff an opportunity to amend the complaint as to other claims.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, names as Defendants the Louisville Department of Corrections and the City of Louisville. Plaintiff alleges that while on his "hour out" on October 13, 2014,

> Officer Hutchins let a[] violent and aggressive inmate by the name of Joe Rey out of his cell for a[] visit and I was attacked, sustained injury to my knees to where they were both swollen and neck and back from the struggle and fall. Officer Hutchins lied on me and said I jammed my door when Officer Middleton reviewed the camera and seen that was not true. I should've went to the hospital and LMDC medical staff denied that right. Pictures were taken and there should be video footage of the incident. My safty was at hand and I was put in a situation that officers should be fully trained vigilent to avoid. This officer lied and violated my rights[.] Please see that I get justice[.]

As relief, Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The only named Defendants are the Louisville Department of Corrections and the City of Louisville. However, since the merger of Jefferson County and the City of Louisville, the correct term is the Louisville Metro Government. *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009) (indicating that "Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville"); *St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government"). The Court will direct the Clerk of Court to amend the caption accordingly.

The Court will dismiss the claims against the Louisville Department of Corrections because it is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are against the Louisville Metro Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Blay v. Daviess Cty. Det. Ctr.*, 4:07CV-P69-M, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 WL 891866, at *1 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are also against [the County] as the real party in interest."); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (finding suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, like the Louisville Metro Government, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City*

3

*of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Here, Plaintiff has alleged that Defendant Louisville Metro Government failed to train officers properly concerning the release of the "violent and aggressive inmate" who allegedly then attacked Plaintiff. The Court will allow the failure-to-protect claim to proceed against the Louisville Metro Government

However, Plaintiff has not identified a policy or custom of the Louisville Metro Government that resulted in the alleged constitutional violations regarding him not being sent to the hospital. Consequently, the claim against the Louisville Metro Government for failure to send Plaintiff to the hospital will be dismissed.

Additionally, the Court will allow Plaintiff to file an amended complaint naming Officer Hutchins and any Louisville Department of Corrections medical staff person who allegedly

refused to send Plaintiff to the hospital as Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## III. ORDER

For the foregoing reasons and being sufficiently advised,

**IT IS ORDERED** that the claims against the Louisville Department of Corrections are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint with respect to naming Officer Hutchins and any Louisville Department of Corrections medical staff person who allegedly refused to send Plaintiff to the hospital as Defendants in their individual capacity**.

**The Clerk of Court is DIRECTED to send a § 1983 complaint form with this case number and "Amended" affixed thereto to Plaintiff along with this Memorandum Opinion and Order.**

**IT IS FURTHER ORDERED that the failure-to-protect claim proceeds against the Louisville Metro Government.  A Scheduling Order will be entered after the 30-day period for Plaintiff to file an amended complaint has expired.**

The Louisville Metro Government, as legal successor to the City of Louisville, is the proper Defendant, and the Clerk of Court is **DIRECTED** to amend the caption to reflect the

Louisville Metro Government rather than the City of Louisville as the proper Defendant in this

action.

Date:  February 22, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4416.009

6